# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SUNTRUST BANK,**

**Plaintiff,**

-vs-                                            Case No. 6:09-cv-1404-Orl-28DAB

**BONNIE L. ROBIDA,**

**Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 11)** |
| **FILED:** | **September 10, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice to renewal, as explained below.

This is an action on a Credit Line Instrument which Plaintiff refers to as a Promissory Note. The action was served on Defendant, through substitute service on her spouse and a Clerk's default was entered. For the reasons set forth below, it is **recommended** that the motion for default final judgment be **denied.**

The effect of the entry of a default is that all of the factual allegations in the Complaint are

taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Applied here, the papers are insufficient to justify entry of a default judgment. First of all, although the style of the Complaint purports to list several aliases for Defendant and the motion appears to seek judgment against Defendant and all of the aliases listed, there is no allegation in the Complaint that Defendant goes by any of these aliases, nor does Plaintiff offer any evidence to support such a finding. Notably, the Instrument attached to the Complaint purports to be between the Bank and "Bonnie Robida." Thus, to the extent a judgment is sought in the alternative names listed, it should be denied.

The Complaint alleges that: 1) Defendant executed and delivered an Instrument in favor of Plaintiff in the principal amount of $104,000.00 (Allegation 5); 2) Plaintiff is the owner and holder of the Instrument (Allegation 6); 3) Defendant failed to make scheduled payments, is in default and Plaintiff has accelerated payment (Allegation 7); and 4) Defendant is indebted to Plaintiff for the unpaid balance, plus interest, attorney's fees, costs and other charges. For purposes of the default, these allegations are admitted. The Complaint does not, however, purport to identify the amount of the unpaid balance, interest, fees, costs and other charges, nor does it cite to specific provisions of the lengthy Instrument which establish these terms.

Plaintiff does provide an Affidavit of a Consumer Finance Officer (Doc. No. 11-2), but the Affidavit is conclusory, stating only that "based upon a review of the records, Defendant is indebted to STB under the Agreement in the principal sum of $104,000.00, plus interest upon the principal, accruing at the rate of 5.00% from July 9, 2008 through date of judgment. . ." *Id.* There is no explanation offered to support the selected date of July 9, 2008 (the Complaint does not allege when the Plaintiff defaulted), nor the interest rate claimed (the Instrument has several different provisions regarding calculation of interest). To confuse matters further, the Motion states:

> Plaintiff attaches its detailed Affidavit as Exhibit 1, demonstrating that
> Defendant is in default of the Instrument, upon which she owes
> Plaintiff the outstanding balance of $400,200.00, plus interest,
> accruing at 3.25% from July 16, 2008, through date of judgment.

(Doc. No. 11).

In view of the conflicting and vague assertions and skimpy proof here, the Court cannot recommend that a default judgment be entered on this record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 28, 2009.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy